**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| GAGE BEAVERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-1152-D |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

Before the Court is Defendant's Motion to Dismiss with Brief in Support [Doc. No. 7]. Plaintiff filed a response and affidavit [Doc. Nos. 9, 10], to which Defendant replied [Doc. No. 13]. The matter is fully briefed and at issue.

## **BACKGROUND**

In his Complaint [Doc. No. 1], Plaintiff alleges that he was driving his vehicle on I-235 in Oklahoma City, Oklahoma, when a vehicle driven by a United States Department of Agriculture (USDA) employee collided with Plaintiff's vehicle, injuring Plaintiff. Plaintiff further alleges that, at the time of the collision, the USDA employee (Eric Cowan) was acting within the course and scope of his employment with the USDA. Thereafter, Plaintiff initiated this negligence action against Defendant, pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2690 (FTCA).

In its Motion to Dismiss [Doc. No. 7], Defendant seeks dismissal of this action under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Defendant first contends that this Court does not have subject matter jurisdiction over this action due to

Plaintiff's failure to present his claim to the USDA prior to bringing suit, as required by the FTCA. Defendant further contends that Plaintiff has not sufficiently alleged that Mr. Cowan was acting within the scope of his employment with the USDA at the time of the collision.

**STANDARD OF DECISION**

### I.    Federal Tort Claims Act

The FTCA is a limited waiver of sovereign immunity making the federal government liable to the same extent as a private party for certain torts of federal employees acting in the scope of their employment. *United States v. Orleans*, 425 U.S. 807, 813 (1976). "[A]s a prerequisite to suit under the [FTCA,] … the claim [must] first be presented to the appropriate federal agency and be finally denied by the agency. This requirement is jurisdictional and cannot be waived." *Koch v. Potter*, 177 F. App'x 785, 786 n.1 (10th Cir. 2006) (unpublished)[1] (quoting *Three-M Enters., Inc. v. United States*, 548 F.2d 293, 294 (10th Cir. 1977)).

Federal courts have jurisdiction over FTCA claims if they are "actionable" under 28 U.S.C. § 1346(b), which occurs when a claim is:

> (1) against the United States, (2) for money damages, … (3) for injury or loss of property, or personal injury or death (4) caused by the negligent or wrongful act or omission of any employee of the Government (5) while acting within the scope of his office or employment, (6) under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

---

[1] Unpublished opinions are cited pursuant to FED. R. APP. P. 32.1(a) and 10th Cir. R. 32.1(A).

*Brownback v. King*, 592 U.S. 209, 212 (2021) (citing *F.D.I.C. v. Meyer*, 510 U.S. 471, 477 (1994)); *see also* 28 U.S.C. § 1346(b).

"[I]n the unique context of the FTCA, all elements of a meritorious claim are also jurisdictional. … So even though a plaintiff need not *prove* a § 1346(b)(1) jurisdictional element for a court to maintain subject matter jurisdiction over his claim, … a plaintiff must plausibly allege all six FTCA elements not only to state a claim upon which relief can be granted but also for a court to have subject-matter jurisdiction over the claim." *Brownback*, 592 U.S. at 217 (citation omitted).

As the party asserting federal jurisdiction, Plaintiff bears "the burden of alleging the facts essential to show jurisdiction." *U.S. ex rel. Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 797-98 (10th Cir. 2002) (internal quotations omitted). "[W]hen a defendant asserts that the [FTCA] complaint fails to allege sufficient facts to support subject matter jurisdiction, the trial court must apply a standard patterned on Rule 12(b)(6) and assume the truthfulness of the facts alleged." *Garling v. U.S. Env't Prot. Agency*, 849 F.3d 1289, 1293 n.3 (10th Cir. 2017) (internal quotations and citation omitted).

## II.     Federal Rules of Civil Procedure 12(b)(1), (6)

Pursuant to FED. R. CIV. P. 12(b)(1), a motion to dismiss for lack of subject matter jurisdiction takes one of two forms: a facial attack or a factual attack. *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1148 n.4 (10th Cir. 2015). A facial attack questions the sufficiency of the complaint's allegations. *Pueblo of Jemez*, 790 F.3d at 1148 n.4. In reviewing a facial attack, a district court must accept the allegations in the complaint as

true. *Id.* In a factual attack, the moving party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. *Id.*

When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. *Id.* Instead, the court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts. *Id.* Here, Defendant presents a factual attack because it challenges the facts upon which Plaintiff bases subject matter jurisdiction. Specifically, Defendant argues that Plaintiff is barred from pursuing an action for damages under the FTCA because Plaintiff failed to comply with the jurisdictional prerequisite of presenting his claim to the USDA prior to filing suit. *See Koch*, 177 F. App'x at 786 n.1.

For its Rule 12(b)(6) motion, Defendant also argues that Plaintiff has failed to plausibly allege that Mr. Cowan was within the scope of his employment at the time of the collision. To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679; *see also Robbins v. Okla.*, 519 F.3d 1242, 1248 (10th Cir. 2008).

4

## ANALYSIS

### I.     Presentment of FTCA Claim (Exhaustion of Administrative Remedies)

As stated above, Plaintiff was required to present his FTCA claim to the USDA prior to bringing suit. Pursuant to 28 U.S.C. § 2675(a):

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a).

In the present motion, Defendant contends that Plaintiff's claim must be dismissed because "the USDA, which is the appropriate federal agency for this claim, did not receive Plaintiff's claim." [Doc. No. 7, at 6]. In support of its factual attack on Plaintiff's failure to present his FTCA claim, Defendant attaches the Affidavit of Lisa Hames [Doc. No. 7-1]. Ms. Hames is a Legal Administrative Specialist with the Animal Health Enforcement and Tort Claims Branch of the Animal and Plant Health Inspection Service (APHIS), which is an agency within the USDA. *Id.* at 1. Ms. Hames outlines APHIS' process for receiving and documenting tort claims, usually upon receiving a SF-95 form. *Id.* at 2. Ms. Hames provides that if an SF-95 form is mailed to the USDA Office of General Counsel, "the standard practice is for that location to scan the document(s) and email a copy of the

document(s) to the Animal Health Enforcement and Tort Claim Branch of APHIS" at an e-mail address monitored by Ms. Hames. *Id.* Ms. Hames adds that—after searching the APHIS database and e-mail inbox for SF-95 forms—she "did not find any such document or other records relating to the Plaintiff concerning the alleged November 30, 2023 vehicle collision." *Id.*

In response, Plaintiff's counsel personally attests to the details surrounding Plaintiff's presentment of his tort claim to the USDA. In Sherman Reed's Affidavit [Doc. No. 10], counsel provides that Plaintiff mailed via certified mail a written administrative claim to the USDA at 1400 Independence Avenue SW, Washington DC 20250. *Id.* at 2. The "claim included a cover letter, a completed federal Standard Form 95, and accompanying documentation concerning Plaintiff's treatment for his injuries from the motor vehicle collision at issue." *Id.* Counsel purports to provide a true and correct copy of the package delivered to the USDA's Washington DC address for the USDA Office of General Counsel. [Doc. No. 10-2]. The letter's heading reflects a date of March 27, 2025, and the recipient address block indicates that it was sent to the USDA Office of General Counsel at 1400 Independence Avenue SW in Washington, DC, via certified mail. [Doc. No. 10-2, at 1]. Stapled to the letter is a certified mail receipt with tracking # 7022 2410 0000 5596 6663. [Doc. No. 10-2, at 2]. The package also contains the SF-95 form, which identifies Plaintiff's tort claim and damages in a sum certain[2], enclosing the official collision report. [Doc. No. 10-2, at 3].

---

[2] Defendant does not contend that the SF-95 form—if properly presented to the USDA—is otherwise deficient to provide the USDA with sufficient notice of Plaintiff's tort claim. Nor does

Plaintiff's counsel also provides the USPS tracking details page for the same certified mail tracking number shown above, which indicates that the package of materials left Oklahoma City on March 27, 2025 (the date of Plaintiff's counsel's letter) and was "delivered to an individual at the address at 1:19 p.m. on March 31, 2025, in Washington, DC 20250." [Doc. No. 10-4, at 1]. Plaintiff's counsel further certifies that he "made multiple phone calls to the USDA" following the submission of the claim package, that he "was never able to reach any individual at the USDA," and that "all of [his] messages left through voicemail went unanswered." [Doc. No. 10, at 3].

Under these circumstances, Plaintiff contends that he has demonstrated that he presented his claim to the USDA in March 2025, and that he waited the requisite six months before filing this action. The Court agrees with Plaintiff. Although Defendant cites to several cases for the proposition that the federal agency must receive a plaintiff's tort claim for presentment to be established, none of the cases cited by Defendant involved additional evidence from the plaintiff that the agency had received certified mail. *See Payne v. United States*, 10 F. Supp. 2d 203, 205 (N.D.N.Y. 1998) (finding that the plaintiffs had not presented sufficient evidence that they had complied with the filing requirements because the "[p]laintiffs [had] presented no evidence that the defendants actually received the notice such as a return receipt."); *Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1252 (9th Cir. 2006) ("Vacek's counsel did not send the form by certified mail."); *Flores v. United States*, 719

---

Defendant assert that the March 31, 2025 presentment of the claim would be untimely, or that tort claims cannot be presented to the USDA Office of General Counsel. Simply put, Defendant's only issue with Plaintiff's presentment of his tort claim is that Ms. Hames has declared that she did not receive any tort claim notice from Plaintiff.

F. App'x 312 (5th Cir. 2018) (involving mail sent to the wrong agency and ultimately received by the correct agency after the statutory deadline for presentment had expired); *Lightfoot v. United States*, 564 F.3d 625 (3d Cir. 2009) (finding insufficient the plaintiff's allegation that he sent the request for reconsideration to the federal agency via first class mail); *Bellecourt v. United States*, 994 F.2d 427, 430 (8th Cir. 1993) (finding it undisputed that the tort claim notice was not mailed by certified mail and was not received by the federal agency); *Drazan v. United States*, 762 F.2d 56, 58 (7th Cir. 1985) ("The plaintiff offered no evidence to contradict the government's affidavit that her claim was never received.").

Similarly, in *Moya v. United States*, the "[p]laintiff [did] not produce a certificate of mailing, a return receipt, a certified mail number or any acknowledgement by the defendant of having received the request." 35 F.3d 501, 503 (10th Cir. 1994). In response to the defendant's affidavits stating that the federal agency had searched its files and found no record of the plaintiff's request, the plaintiff provided "no independent evidence in the record indicating that [the] plaintiff's request was ever sent, let alone received by [the] defendant." *Id.*

Here, Plaintiff has provided the certified mail number corresponding with the claim package addressed to the USDA Office of General Counsel, and tracking details for the claim package that reflects its arrival in Washington, D.C. a few days after Plaintiff's counsel sent the package via certified mail. Under these circumstances, the Court finds that Plaintiff has provided sufficient additional evidence reflecting Plaintiff's presentment of his tort claim to the USDA, and the Court, therefore, declines to dismiss Plaintiff's action

for failure to exhaust administrative remedies. Defendant's motion to dismiss is denied on this point.

## II.     Scope of Employment

Defendant also moves to dismiss based on Plaintiff's failure to sufficiently allege that Mr. Cowan was within the scope of his employment with the USDA at the time of the collision. As stated above, the FTCA provides "a limited waiver making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment." *Orleans*, 425 U.S. at 813; *see* 28 U.S.C. § 1346(b). Although Plaintiff alleges in his Complaint that Mr. Cowan, "while in the course and scope of his employment for the USDA," was negligent and caused the collision with Plaintiff's vehicle, the Court agrees with Defendant that additional allegations are needed to state a plausible claim under the FTCA. In his response and counsel's affidavit [Doc. Nos. 9, 10], Plaintiff asserts that the subject collision occurred at 2:52 p.m. on a Thursday and that the police report reflects that Mr. Cowan was driving a "USDA government vehicle" at the time of the collision. However, Plaintiff does not include in his Complaint these allegations or any other factual allegations related to scope of employment. Presently, Plaintiff's sole allegation in his Complaint that Mr. Cowan was within the scope of his employment with the USDA when the collision occurred is conclusory.

Upon consideration, the Court finds that Plaintiff has not plausibly alleged that Mr. Cowan was acting in the scope of his employment with the federal government at the time of the collision. Defendant's motion to dismiss is granted on this point. However, the Court

9

anticipates that Plaintiff may be able to supplement the allegations of his Complaint to sufficiently state a FTCA claim, and the Court grants Plaintiff leave to file an amended complaint to address this deficiency.

## CONCLUSION

For these reasons, Defendant's Motion to Dismiss with Brief in Support [Doc. No. 7] is **GRANTED in part** and **DENIED in part** as set forth herein. Plaintiff may amend his Complaint within 21 days of the date of this Order. Should Plaintiff fail to amend his Complaint within 21 days, this action will be dismissed without prejudice for lack of subject matter jurisdiction.

**IT IS SO ORDERED** this 15th  day of June, 2026.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE